(No. 4971- ▮▮▮▮▮▮▮▮▮)

JOAN GILLESPIE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1966.*

DOYLE AND BERDELLE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

Joan Gillespie, claimant, filed her complaint in this Court on March 1, 1961 in which she seeks an award of $25,000.00 for the fracture of her right ankle, which required two surgical operations. The injury resulted from a fall, which she experienced when she stepped over a curb into an asphalt parkway in a crosswalk in Evergreen Park, Illinois, which was maintained and controlled by the State of Illinois.

From the evidence it appears that claimant is a white female, thirty-two years of age, a housewife, and mother of three children. She testified that on February 23, 1959 she was crossing 95th Street in a southerly direction in the west crosswalk of South Kedzie Avenue, which intersection was located in Evergreen Park, Illinois. When she arrived at the southwest corner she stepped over a small slanting curb into an asphalt parkway in said crosswalk. The lighting at the intersection was poor, and, as she stepped into the area, her right foot was caught in the hole or cracked asphalt area, which caused her to be thrown to the pavement. As a result, she sustained a fracture dislocation of the right ankle. She was taken by ambulance to the Little Company of Mary Hospital. Subsequently, under a general anesthetic, the fracture was reduced by open surgery, and a cast was placed on her right leg. She remained in the hospital for approximately two weeks, and then was confined to her home with her right leg in a cast. Claimant further testified that she re-entered the hospital on May 31, 1959 and again on June 2, 1959, and, under a general anesthetic, had additional surgery on her right foot for the removal of the screw, which had been inserted in her ankle in the reduction of the fracture. She stated that she still has swelling, pain, and

cramps in her foot and toes, and that she has an occasional limp. She testified that her medical expenses and specials totalled $1,175.43.

Medical testimony elicited the fact that the cast remained on her leg for approximately three months, and that, when removed, it was found necessary to remove the screw in her ankle. The condition of pain, discomfort, and swelling of the ankle, as a result of the injury, was believed by the doctor to be permanent.

A disinterested witness who assisted claimant into the drug store, which was located at the intersection where the accident occurred, testified as to the defective condition of the parkway in the crosswalk at the southwest corner of 95th Street and Kedzie Avenue. He stated that this condition had existed for at least four months prior to the date of the accident, and that the lighting at the intersection was poor.

Claimant was also examined by a medical doctor on behalf of respondent. His report confirms claimant's injury, and likewise finds some loss of use of the right ankle.

Claimant had previously filed a common law action against the Village of Evergreen Park in the Circuit Court of Cook County, Illinois. The Village of Evergreen Park defended itself in the said lawsuit on the grounds that it did not have jurisdiction over the area where claimant allegedly fell. The lawsuit was dismissed by stipulation, and claimant received $400.00 in settlement thereof on a covenant not to sue the Village of Evergreen Park.

Numerous pre-trial motions were filed by the State of Illinois in this cause, which dealt primarily with the jurisdiction of the State over the area where claimant fell. The motions were supported by various affidavits, plats, and charts, all of which have been read, and examined closely by this Court. From such examination, and from the testi-

mony at the hearing, we are of the opinion that the area where claimant fell was a part of the highway system of the State of Illinois, and was under the jurisdiction of respondent and its agents.

From the evidence, photographs, plats, and charts, we find that a defective condition was present in the parkway and crosswalk, and that there was negligence on the part of the State of Illinois in the maintenance of the parkway in the crosswalk in question, which negligence was directly responsible for the injuries sustained by claimant. Knowledge of the condition was had by the State by reason of the lapse of more than four months, which was certainly sufficient time within which to make repairs or to barricade the same from use by pedestrian traffic. *Visco* vs. *State of Illinois*, 23 C.C.R. 149.

Claimant had made a purchase in the commercial area, and was using the west crosswalk to return to her parked automobile. She was crossing with the green light. She had not traversed the intersection on a prior occasion, and found the intersection dimly lighted. Claimant was watchful of the stopped traffic, and was looking ahead as she walked across 95th Street. She was wearing flat, heavy-soled shoes, and the ground was dry. Upon arriving at the south curbing, which was slanted and several inches higher than the adjoining pavement, she placed her right foot over the curbing, and immediately caught it on the cracked section of the parkway, which was just on the other side of the curbing. She fell in a heap with her right foot directly beneath her. Certainly nothing in her actions immediately before or at the time of the occurrence would give rise to any question as to due care for her own safety. We find no evidence of any contributory negligence on the part of claimant.

Claimant has sustained a serious fracture of her ankle, and has undergone multiple operations thereon. She has a

disfiguring scar on her ankle, and the evidence indicates that she is unable to wear high heels for normal walking or when driving an automobile. Her ankle continues to swell several times weekly, which causes cramps. These conditions are permanent, as is a loss of motion in the ankle, a permanent scar, and a grating sound on circumduction. We are of the opinion that claimant is entitled to just and fair compensation for said injury.

The question now remaining for the Court to decide is the amount of claimant's damages. The medical expenses, as previously indicated, totaled $1,175.43. The Court believes claimant is further entitled to an additional award of $5,000.00 for pain, suffering and impairment to her ankle, less the sum of $400.00, which she received from the Village of Evergreen Park.

An award is, therefore, made to claimant, Joan Gillespie, in the sum of $5,775.43.